# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

POPHAM DESIGN, SARL,

                    Plaintiff,

      v.

F. SCHUMACHER & CO. and MARY
MCDONALD, INC.,

                    Defendants.

CASE NO. 1:16-cv-11429-GAO

## DEFENDANTS' ANSWER

Defendants F. Schumacher & Co. ("Schumacher") and Mary McDonald, Inc.

("McDonald") (collectively, "Defendants"), by and through their attorneys, Davis & Cohen, P.C.

and Kirkland & Ellis LLP, hereby answer the Complaint of Plaintiff Popham Design, SARL

("Popham" or "Plaintiff"), dated July 7, 2016, ("Complaint") as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Defendants deny knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except

admit that Schumacher is a New York corporation with its principal place of business at 875

Avenue of the Americas, New York, New York, 10001; that Schumacher is a well-known

designer and supplier of decorative textiles; and that Schumacher has a showroom at the Boston

Design Center, 1 Design Center Pl., Suite 529, Boston, Massachusetts, 02210.

3.      Defendants state that the allegations set forth in the second half of the second

sentence of Paragraph 3 of the Complaint are conclusions of law as to which no responsive

pleading is necessary, but that to the extent any response is required, deny the allegations set

forth in Paragraph 3, except admit that Defendant McDonald is owned and operated by Mary

McDonald;  that Mary McDonald is an interior designer residing in Los Angeles, California; that

Defendant McDonald has its corporate headquarters at 9165 Phyllis Street, Los Angeles,

California; and that Defendant McDonald has licensed textile designs to Schumacher.

4.      Defendants state that the allegations set forth in Paragraph 4 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, admit that this Court has subject matter jurisdiction as to this action.

5.      Defendants state that the allegations set forth in Paragraph 5 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, deny the allegations set forth in Paragraph 5, except admit that Schumacher

owns a showroom in this District in which products licensed by McDonald have been displayed

and sold, and that venue is proper in this District.

## STATEMENT OF FACTS

6.      Defendants deny knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 6 of the Complaint, except admit that Popham sells cement

tiles.

7.      Defendants deny knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 8 of the Complaint, except admit that Popham's tiles appear to

copy commonplace elements of Moroccan and other Mediterranean design.

9.      Defendants deny knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 9 of the Complaint.

10.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint.

11.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint.

12.    Defendants state that the allegations set forth in Paragraph 12 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny that the ZigZig pattern is original and otherwise deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12.

13.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint.

14.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint, except state that the photographs included in Paragraph 14 of the Complaint speak for themselves.

15.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Complaint, except admit that Defendants have Pinterest accounts, the homepages for which are available at https://www.pinterest.com/marymcdonaldinc/ and https://www.pinterest.com/schumacher1889/.

16.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint.

17.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17, except admit that Schumacher's designs are sold in Australia and France.

18.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18.

19.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19, except state that the document attached to the Complaint as Exhibit 1 speaks for itself.

20.     Defendants state that the allegations set forth in the first sentence of Paragraph 20 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 20, and deny knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of Paragraph 20.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint, except admit that in the spring of 2015, Schumacher began selling and offering for sale textiles bearing a design called "Puka Diamond," which was created by McDonald; and state that the allegations set forth in the second sentence of Paragraph 21 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegation set forth in the second sentence of Paragraph 21, except admit that the Puka Diamond textiles are sold by the yard and available in the following three colorways: Lava Black (175820), Marine (175821), and Black Sand (175822).

22.     Defendants deny the allegations set forth in Paragraph 22, except admit that the photograph included in Paragraph 22 of the Complaint appears to be a swatch of fabric bearing the Puka Diamond design.

23.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23 of the Complaint, except admit that the right-hand image in Paragraph 23 appears to depict McDonald's Puka Diamond design.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint, except admit that Schumacher and McDonald did not supply a design file for the Puka Diamond design to Popham.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint, except admit that, during a telephone call on June 28, 2015, between Dara Caponigro, Schumacher's creative director, and Stephen Purschel ("Purschel"), Schumacher's Vice President of Sales, on the one hand, and Popham, on the other hand, the parties discussed entering into a business relationship that might include a Schumacher textile collection using designs created by Popham and a royalty payment for that collection.

27.     Defendants deny the allegations set forth in paragraph 27 of the Complaint, except admit that Schumacher and Popham held an in-person meeting in New York, New York in August 2015 and convened telephone conferences.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint, except admit that Schumacher and Popham continued their negotiations in August 2015 and that a lawyer representing Popham was present for the meeting by telephone, and state that Popham's reliance on any statements made during the parties' compromise negotiations is improper as such statements are not admissible evidence under Federal Rule of Evidence 408.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint, and state that Popham's reliance on any statements made during the parties' compromise negotiations is improper as such statements are not admissible evidence under Federal Rule of Evidence 408.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint, except admit that Schumacher sells textiles that bear the Puka Diamond design.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint, except admit that Schumacher sells textiles that bear the Puka Diamond design in its showroom at the Boston Design Center, which is located at 1 Design Center Pl., Suite 529, Boston, MA 02210, and on Schumacher's website.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint, except admit that Popham sent a letter to Schumacher on August 25, 2015, which letter does not mention any "admitted, willful copying" but does discuss creating a Schumacher textile collection using designs created by Popham.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint, except admit that in September 2015 Puschel emailed Caitlin Dowe-Sandes of Popham to confirm receipt of the August 25, 2015 letter and to request a telephone conversation without counsel to continue Schumacher and Popham's settlement discussions.

35.     Defendants deny the allegations set forth in Paragraph 35, except admit that in October 2015, the parties discussed creating a Schumacher textile collection using designs created by Popham, and state that Popham's reliance on any statements made during the parties' compromise negotiations is improper as such statements are not admissible evidence under Federal Rule of Evidence 408.

36.     Defendants deny the allegations set forth in Paragraph 36, except admit that Schumacher sent a draft design collaboration agreement to Popham as part of the parties' discussions about creating a Schumacher textile collection using designs created by Popham and that the agreement did not contemplate taking the textile bearing the Puka Diamond design off the market, and state that Popham's reliance on any statements made during the parties' compromise negotiations is improper as such statements are not admissible evidence under Federal Rule of Evidence 408.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint, except admit that the parties continued to discuss creating a Schumacher textile collection using designs created by Popham through winter 2015 and spring 2016, and further admit that two of the terms suggested by Popham were either (a) discontinuance of the textile bearing the Puka Diamond design or (b) attribution of the design to Popham along with a payment of royalties, and further state that Popham's reliance on any statements made during the parties' compromise negotiations is improper as such statements are not admissible evidence under Federal Rule of Evidence 408.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint, except admit that Schumacher sent Popham a letter on June 8, 2016 (the "June 8th Letter"), which letter explained that Popham's copyright claims were meritless.

39.     Defendants state that the allegations set forth in Paragraph 39 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 39.

40.     Defendants state that the allegations set forth in Paragraph 40 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 40.

### **PLAINTIFF'S CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT**

41.     Defendants repeat and reallege each and every response to Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42.     Defendants state that the allegations set forth in Paragraph 42 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 42.

43.     Defendants state that the allegations set forth in Paragraph 43 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 43.

44.     Defendants state that the allegations set forth in Paragraph 44 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 44.

45.     Defendants state that the allegations set forth in Paragraph 45 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 45, and state that Popham's response to the June 8th letter was to file this lawsuit.

46.     Defendants state that the allegations set forth in Paragraph 46 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 46.

47.     Defendants state that the allegations set forth in Paragraph 47 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 47.

48.     Defendants state that the allegations set forth in Paragraph 48 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 48.

49.     Defendants state that the allegations set forth in Paragraph 49 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 49.

50.     Defendants state that the allegations set forth in Paragraph 50 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 50.

51.     Defendants state that the allegations set forth in Paragraph 51 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 51.

52.     Defendants state that the allegations set forth in Paragraph 52 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 52.

53.     Defendants state that the allegations set forth in Paragraph 53 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny the allegations set forth in Paragraph 53.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

54.     Popham's claims fail, in whole or in part, because the Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (NON-INFRINGEMENT)

55.     Popham's claims are barred, in whole or in part, because Defendants do not infringe and have not infringed the copyrights at issue, including without limitation pursuant to the doctrines of *scènes à faire*, merger and/or other limits on the scope of copyright protection.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Schumacher and McDonald respectfully request judgment against Plaintiff Popham as follows:

A.     Deny Popham all relief requested in its Complaint in this action and dismiss Popham's Complaint with prejudice;

B.     Grant an award of Defendants' costs and disbursements in this action, including reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

C.     Grant such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable in this action.

<div style="margin-left: 40%;">

Respectfully submitted,

DEFENDANTS,
By their Attorneys,


*/s/ Ronald M. Davids*
Ronald M. Davids (BBO# 115110)
DAVIDS & COHEN, P.C.
40 Washington Street, Suite 20
Wellesley, MA  02481
Tel: (339) 686-2540
Fax: (781) 416-4344
rdavids@davids-cohen.com

Claudia E. Ray (*pro hac* admission pending)
Joshua L. Simmons (*pro hac* admission pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
claudia.ray@kirkland.com
joshua.simmons@kirkland.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2016, a copy of the foregoing document was served on all registered participants identified on the Notice of Electronic Filing by filing of same through the ECF system.

<div style="margin-left: 40%;">

*/s/ Ronald M. Davids*
Ronald M. Davids

</div>