UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POPHAM DESIGN, SARL,<br><br>Plaintiff,<br><br>v.<br><br>F. SCHUMACHER & CO. and<br>MARY MCDONALD, INC.,<br><br>Defendants. | CIVIL ACTION NO. 1:16-CV-11429-GAO |

## **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and among the parties to this action, through their undersigned counsel, as follows:

1. This Stipulated Protective Order ("Protective Order") shall apply to all information, documents and things produced or disclosed through discovery in this action, whether by a party or a non-party, including, without limitation, deposition testimony, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission (collectively, "Discovery Material").

2. Any party producing or disclosing Discovery Material in this action that the party reasonably and in good faith believes to contain trade secrets or other confidential or proprietary information entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure may designate such Discovery Material as "Confidential" or "Highly Confidential" (all such material to be referred to as "Confidential Material") as specified below.

3. All Discovery Material exchanged during the course of these proceedings, whether or not designated as Confidential Material, shall be used solely for purposes of this action and for no other purpose.

4. Discovery Material shall not be designated as Confidential Material if:

   a. it is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Protective Order; or
   b. it is acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information to keep it confidential, unless the non-party producing the information invokes the protections of this Protective Order as set forth in paragraph 22 below.

5. Discovery Material designated as Confidential Material shall be marked as follows:

   a. In the case of documents, each page of the document shall be stamped, labeled or otherwise clearly marked CONFIDENTIAL or HIGHLY CONFIDENTIAL. In the case of documents produced in electronic form, each computer disc or other physical medium containing such documents, or the case or container in which it is produced, shall be so marked. In the event that documents are produced for inspection, such documents may be produced for inspection before being marked CONFIDENTIAL or HIGHLY CONFIDENTIAL. There will be no waiver of confidentiality by the inspection or production of documents before they are marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

   b. In the case of tangible things, each thing produced shall be labeled or otherwise clearly marked CONFIDENTIAL or HIGHLY CONFIDENTIAL.

   c. In the case of interrogatory answers and responses to requests for admissions, each answer or response, or part thereof, that contains Confidential Material shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, and the following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Material: "CONFIDENTIAL [or HIGHLY CONFIDENTIAL]. DESIGNATED PARTS NOT TO BE COPIED OR DISCLOSED."

   d. All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as HIGHLY CONFIDENTIAL for a period of thirty (30) days following receipt of the final deposition transcript. Within said thirty (30) days, counsel for any party to this action and/or counsel for the deponent may designate any pages of the transcript as CONFIDENTIAL or HIGHLY

CONFIDENTIAL by notifying all counsel of record in writing of said designation, and thereafter such pages shall be treated as such. Counsel for each party shall be responsible for marking the designated exhibits and pages of copies of the transcript in their possession as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Testimony given at a deposition may also be so designated by an appropriate statement at the time of the giving of the testimony, and need not be re-designated after receipt of the transcript. If no such designation is made by counsel within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain Confidential Material. Use at a deposition of a document previously designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall have no effect on its designation.

6. If possible, the designation of Confidential Material shall be made prior to, or contemporaneously with, production or disclosure. In the event that the producing party fails to designate any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the producing party may subsequently make such a designation by notifying counsel for all other parties in writing as soon as practicable. After receipt of such notification, the parties to whom disclosure has been made will treat the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, depending on its designation.

7. Any Discovery Material marked CONFIDENTIAL may be disclosed only to:

   a. In-house and outside counsel to the parties in this action and necessary clerical and legal support personnel employed or retained by such counsel, who are engaged in assisting said counsel in this litigation;

   b. Independent experts or independent consultants retained by counsel of record for purposes of this action, subject, however, to the provisions of paragraph 11 below;

   c. Non-attorney employees or officers of a party who have a reasonable need to review such information for the purposes of this litigation;

   d. This Court and the appellate court(s), as well as their employees and jurors;

   e. Court reporters taking or transcribing testimony given at a deposition or hearing;

   f. Persons who are identified on the face of a writing containing such information as the authors or recipients of the information; and

g. Any other persons designated by order of the Court or agreed upon by the parties in writing with the Court's approval.

8. Any Discovery Material marked HIGHLY CONFIDENTIAL may be disclosed only to:

a. Outside counsel to the parties in this action and necessary clerical and legal support personnel employed or retained by such counsel, who are engaged in assisting said counsel in this litigation;

b. Independent experts or independent consultants retained by counsel of record for purposes of this action, subject, however, to the provisions of paragraph 11 below;

c. This Court and the appellate court(s), as well as their employees and jurors;

d. Court reporters taking or transcribing testimony given at a deposition or hearing;

e. Persons who are identified on the face of a writing containing such information as the authors or recipients of the information; and

f. Any other persons designated by order of the Court or agreed upon by the parties in writing with the Court's approval.

9. Under no circumstance may Confidential Material be disclosed to any person or entity other than those identified above without the prior written consent of the producing party. In the event that Confidential Material is disclosed at a deposition, the disclosing party shall have the right to exclude from attendance at said deposition any person other than the deponent and those persons identified in paragraphs 7 and 8 above.

10. In the event that a party receiving Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL disagrees with the propriety of that designation, the parties will first try in good faith to resolve such dispute on an informal basis. If the parties are unable to resolve their dispute informally, either party may present the dispute to the Court for judicial resolution, and the Court may then determine whether the information should be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. All information whose

designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL is disputed shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, depending on its designation, until such time as the Court determines or the parties agree otherwise.

11. Before any person identified in paragraph 7(b) or 8(b) above is given access to Confidential Material, the person shall be provided with a copy of this Protective Order, shall confirm that he or she has no financial interest in or a business or personal relationship with any of the parties, and shall sign the agreement to be bound by the terms of this Protective Order attached hereto as Exhibit 1. Counsel of record shall retain all such signed writings until the conclusion of this action. Such writings shall, upon request, be available for inspection by the other parties.

12. Nothing in this Protective Order shall be construed to prevent outside counsel to any party from providing advice to his or her client based on any Discovery Material produced by any other party, including Discovery Material designated as HIGHLY CONFIDENTIAL, provided that counsel shall not disclose HIGHLY CONFIDENTIAL documents or other materials, or the contents thereof, without the consent of the producing party.

13. If it is necessary to file any Confidential Material under seal in connection with proceedings in this action, the party wishing to file any such material, prior to or simultaneously with filing, shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment. The Confidential Material shall, to the extent permitted by order of the Court, be filed with the Court in sealed envelopes, in accordance with Local Rule 5.4(G)(1)(a)-(f), marked with the caption of the case and the notation "SEALED DOCUMENT: CONTAINS CONFIDENTIAL INFORMATION - TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court.

14. As an alternative to the procedure set forth in paragraph 14 above, a party may file with the Court a document that has been designated as Confidential Material with those pages containing Confidential Material omitted or with the Confidential Material redacted. Any redaction shall be indicated by placing the designation "REDACTED - CONFIDENTIAL INFORMATION" in the place(s) on the writing where the Confidential Material would have appeared. The document may then be filed with the Court without seeking impoundment. If the document was designated as Confidential Material by another party, the party seeking to file the document shall seek the permission of the designating party to file the document in partial or redacted form.

15. The use of any Confidential Material at any hearing or trial in this action shall be subject to further order of the Court.

16. Nothing contained in this Protective Order shall affect any right of any party or non-party to make any objection to any interrogatory, request for production of documents or other discovery request, or to any question at a deposition, or to withhold documents or information from discovery based on privilege or any ground other than the confidential or proprietary nature of the documents or information. This Protective Order shall not be construed as a waiver of any privilege or protection against discovery of any information.

17. Inadvertent production of documents subject to the attorney-client privilege or the work product doctrine shall not waive any claim of privilege or protection with respect to such documents, or other documents or communications, written or oral, including, without limitation, other communications referred to in the documents or information produced, provided that the producing party shall notify the receiving parties promptly after learning of the inadvertent production. Immediately upon receipt of such notification, the receiving parties shall return or

destroy all copies of the inadvertently produced documents and shall not make any further use of them or disclose them to anyone to whom they were not disclosed prior to the request to return or destroy them. If the receiving parties disagree that the inadvertently produced documents are privileged or protected from discovery, then following receipt of the notice of inadvertent production and destruction of the inadvertently produced document(s), the parties shall confer in an effort to resolve the dispute. If the parties are unable to reach agreement within five (5) days after first notification of the inadvertent production, the receiving parties may file a motion with the Court challenging the designation of the inadvertently produced document(s) as privileged. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

18. Consistent with Federal Rules of Civil Procedure, a party withholding or redacting any Discovery Material on the grounds of privilege, immunity or any similar claim shall provide to the receiving party a privilege or redaction log. The Parties, however, shall have no obligation to log Discovery Material created after June 4, 2015. In addition, activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

19. For each Discovery Material withheld or redacted, the log shall contain the following information: (i) the date of the Discovery Material; (ii) the identity of all persons who sent, authored, signed or otherwise prepared the Discovery Material; (iii) the identity of all persons designated as addressees or copyees; (iv) a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim or privilege or immunity; (v) the type

or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (vi) for redacted documents only, the Bates numbers corresponding to the first and last page of any document redacted. To the extent email is included and described on the privilege log, any email chain (i.e., a series of emails linked together by email responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim may be logged as a single entry and identified by the most recent (i.e., top-most) email. The parties shall not be required to break up an email chain and log each individual email separately. If, however, email contained within a given chain exists as a separate Discovery Material, then the parties shall log that Discovery Material in accordance with this Paragraph. If an email chain contains one or more privileged emails requiring redaction, the email chain may be logged as a single entry and identified by the most recent redacted email.

20. Within thirty (30) days after the conclusion of this action, including, without limitation, any appeal or retrial (or in the event that another action is then pending involving the same parties, thirty (30) days after the conclusion of that action), all Confidential Material shall be either returned to counsel who produced it or destroyed, as directed by the producing party. Counsel for each party shall certify that all other Confidential Material in the possession of that party, its counsel and/or any experts or consultants retained by its counsel has been returned or destroyed. As to those materials which contain or reflect Confidential Material, but which constitute or reflect counsel's work product, all such work product may be maintained by counsel, but such work product shall not, without written permission of the party that disclosed the information or an order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Protective Order during the course of this action. Counsel retaining court reporters shall have the responsibility for ensuring their

compliance with this paragraph and shall notify opposing counsel when compliance is complete. Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even if those pleadings or papers contain or reflect Confidential Material; any such pleadings or papers not returned or destroyed remain subject to the provisions of this Protective Order.

21. Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Protective Order by (a) designating that information CONFIDENTIAL and (b) signing a copy of this Protective Order. Any non-party who invokes the protection of this Protective Order shall also be bound by its obligations.

22. This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the other parties.

23. The parties shall submit this Protective Order to the Court, and this Protective Order shall remain in effect unless modified by an order of the Court or by written stipulation of the parties filed with and approved by the Court.

24. The parties consent to the continuing jurisdiction of the Court with respect to this Protective Order and any breach thereof, even after the termination of this action. A breach of the provisions of this Protective Order shall subject the party responsible for the breach to sanctions, in the discretion of the Court.

Dated: December 5, 2016

Respectfully submitted,

POPAHAM DESIGNS, SARL

By its attorneys,

/s/ Margaret K. Minister
Margaret K. Minister (BBO#624975)

F. SCHUMACHER & CO and MARY MCDONALD, INC..,

By their attorneys,

/s/ Joshua L. Simmons

Kate R. Isley (BBO#666371)
PIERCE ATWOOD LLP
100 Summer Street
Boston, MA 02210
617-488-8100
mminister@pierceatwood.com
kisley@pierceatwood.com

Ronald Davids
DAVIDS & COHEN, P.C.
40 Washington Street, Suite 20
Wellesley, MA 02481
Tel: 339-686-2540Email: rdavids@davids-cohen.com

-and-

Claudia E. Ray (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Jordan M. Romanoff (admitted *pro hac vice)*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: 212-446-4800
claudia.ray@kirkland.com
joshua.simmons@kirkland.com
jordan.romanoff@kirkland.com

SO ORDERED:

/s/ George A. O'Toole, Jr.
George A. O'Toole, Jr.
United States District Judge

Date: May 4, 2017